## WATSON v. COLUMBIA MUTUAL BUILDING & LOAN ASS'N.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

1. BUILDING AND LOAN ASSOCIATIONS—DIVIDENDS.

Provision in coupon attached to certificate of five shares, of $100 each, in a building and loan association, that at a certain time it will pay $18.25, being dividend due on the certificate for preceding six months, is not an absolute agreement to pay that amount, but only such amount if earned; Laws 1875, c. 564, § 1, providing that no dividend shall be declared by such an association except from its earnings, the certificate declaring the holder entitled to the shares subject to conditions thereon, among which is one that the certificate shall participate in profits, as provided by articles of association, and another that profits to the extent of 7 $3/10$ per cent. per annum will be paid, and the by-laws providing that the shares shall be paid annually, out of profits earned, a dividend not exceeding 7 $3/10$ per cent.

2. SAME—DUTY TO DECLARE.

It cannot be said, as matter of law, that directors of a building and loan association are bound to declare a dividend on stock, merely because it earned 2 per cent. profits during the preceding six months.

Appeal from municipal court, borough of Brooklyn, Fourth district.

Action by Harold D. Watson against the Columbia Mutual Building & Loan Association. From judgment for defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Robert S. Kristeller, for appellant.

William Hepburn Russell (William Beverly Winslow and John E. Ruston, on the brief), for respondent.

WILLARD BARTLETT, J. The defendant is a corporation organized under the laws of this state relating to building, mutual loan, and accumulating fund associations. The plaintiff is the owner and holder of a certificate issued by the defendant entitling him to five shares of the capital stock. Attached to this certificate is a coupon in the following words: "The Columbia Mutual Building and Loan Association of New York will pay to bearer at its office eighteen $^{25}/_{100}$ dollars on the first day of July, 1901, being dividend due on certificate No. 1,544. John J. Parsons, Treasurer." The present suit was instituted to recover $18.25 upon this coupon, treating it as an absolute promise to pay that amount. It was proved on the trial that the net earnings of the defendant corporation for the six months immediately preceding July 1, 1901, were only 2 per cent., and that no dividend was declared for that period. Upon this proof, together with the certificate to which the coupon was attached, the original by-laws of the defendant, and its articles of association, the trial court held that the coupon was a promise to pay only in the event that a dividend of $7 ^8/_{10}$ per cent. was actually earned and declared by the company, and therefore that the defendant was entitled to judgment dismissing the complaint upon the merits. From that judgment this appeal is taken.

Referring to the certificate we find that it declares the holder to be entitled to the number of shares of capital stock therein specified, "subject to the articles of association and the conditions printed on the back hereof, which are made part of this contract." Among the conditions indorsed thereon are these: "1st. This certificate shall participate in all profits arising from purchase and sale of real estate, as per section 3, art. 8, of articles of association. 2nd. Profits to the extent of $7 ^8/_{10}$ per cent. per annum will be paid on par value of this certificate annually." In regard to the class of stock issued to the plaintiff by means of this certificate, the by-laws contained this provision: "These shares shall be paid annually out of profits earned, a dividend not exceeding $7 ^8/_{10}$ per cent. upon the face value thereof, such dividend to be ascertained at the annual meeting of the board of directors." One of the acts under which the defendant was incorporated provides that no dividend shall be declared except from the earnings of the association. Laws 1875, c. 564, § 1.

When we consider the statutés under which the defendant is organized, the articles of association and by-laws, and the plaintiff's certificate and coupon together, it is quite plain that the contract between the corporation and the holder of the certificate and coupon imports, not an absolute promise to pay, but a promise to pay only in the event that a sufficient amount of money is earned to warrant a dividend and a dividend is declared. This is manifest from the repeated reference to the fact that the promised payment is to be made out of profits; implying that the earning of profits was a condition precedent to any payment. In the case of House v. Association, 52 App. Div. 163, 166, 66 N. Y. Supp. 109, the certificate provided that the holder, upon withdrawal before maturity, should receive the full amount paid for his certificate, "with dividends at the rate of six per cent. per annum." This was held to be an obligation not to pay a certain sum with a fixed rate of interest, but with a certain rate of dividend, and it was held that the defendant did not thereby guaranty that the earnings should reach a certain figure, especially as an association of this kind was by various principles of law and statutory provisions prohibited from paying upon its stock dividends at any greater rate than it actually earned. The by-law relating to such shares as those owned by the plaintiff was consistent with the charter of the defendant, and binding upon the certificate holder. Engelhardt v. Association, 148 N. Y. 281, 286, 42 N. E. 710, 35 L. R. A. 289. That by-law, as already stated, provided that such shares should be paid a dividend not exceeding $7\,^3/_{10}$ per cent. annually upon the face value thereof "out of the profits earned," thus plainly showing that the $7\,^3/_{10}$ per cent. was merely the maximum which the holder could receive out of the profits earned. The language employed negatives any idea of an absolute engagement to pay that amount unless it was earned.

It may be suggested that, assuming the correctness of the views thus far expressed, the plaintiff was nevertheless entitled to recover something upon the coupon, inasmuch as the evidence showed that the corporation had earned 2 per cent. profits for the six months next preceding July 1, 1901, although no dividend of such profits had been declared. If it appeared that the failure to declare a dividend of these profits was due to bad faith on the part of the directors, or proceeded from anything but a fair and honest exercise of their discretion, it may be that the plaintiff would be entitled to compel such action on their part as would enable him to obtain a dividend at the rate of 2 per cent. The directors, however, may have deemed it for the best interest of the corporation and its members to postpone the declaration of a dividend until a larger one could be made, and I am not prepared to say that they violated any right of the plaintiff in so doing. See Reynolds v. Bank, 6 App. Div. 62, 39 N. Y. Supp. 623, affirmed 158 N. Y. 740, 53 N. E. 1131.

I think the judgment should be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.